Draiie, Ch. J.,
delivered the opinion of the court:
The firm of C. & M.-Doherty, ,of which the claimant is the survivingpartner, on the 5th of April, 1863, imported into the port of Boston twenty-three hundred and ninety-two gallons of gin, which were duly entered for warehouse.
The duties upon said gin under the law then in force amounted to $2,551 26 in coin, or $3,495 22 in currency, and the "same were duly assessed and liquidated by the collector of the port.
The gin remained in warehouse more th an three years; at the expiration of which time, under the provisions of section twenty-one of the Act 14th July, 1862, “ increasing-, temporarily, the duties on imports, and for other purposes,” (12 Stat. L., 543, 560,) it was sold by the officers of the Treasury; the gross proceeds of the sale being $7,352 79.
From this sum those officers deducted first the expenses, $399 69; and secondly, $6,697 11 for duties on the gin, according to the law in force at the time of the sale; leaving as net proceeds $255 99.
*94 The claimant contends that the government was not authorized to retain out of the gross proceeds any other amount of duties than that assessed and liquidated at the time of the importation, to wit, $3,495 22. He admits that the expenses above mentioned should be also retained. Deducting those two sums, aggregating $3,894 91, from the gross proceeds, leaves $3,457 88; for which amount he sues.
The above-cited act provides that “ any goods remaining in public store or bonded warehouse beyond three years shall be regarded as abandoned to the government, and sold under such regulations as the Secretary of the Treasury may prescribe, and the proceeds paid into the Treasury.”
By this provision no part of the proceeds could be returned to the owner of the goods, but the whole amount must be paid into the Treasury, though it should exceed the amount of the government’s claim.
To remedy this injustice to importers it was provided in the tenth section of the Act 28th July, I860, “to protect the revenue, and for other purposes,” (14 Stat. L., 328,) that the Secretary of the Treasury should be authorized, in case of any sale of property under the above-cited provision of the Act 16th July, 1862,'to pay to the owner, consignee, or agent, the proceeds thereof, after deducting duties, charges, and exiienses, in conformity with the provision of the first section of the warehouse Act 6th August, 1840; which act provided that, notwithstanding the payment of the overplus into the Treasury, the owner of the goods, on proof of his interest, should be entitled to receive from the Treasury the amount of the overplus. (9 Stat. L., 53.)
The claimant would seem entitled, under these provisions, to have refunded to him the overplus of the proceeds of the sale of the gin in question, after deducting from such proceeds the duties, charges, and expenses. The Secretary ,of the Treasury states that overplus at $255 99; but the claimant insists that it is $3,457 88.
The difference between these sums is caused by the different amounts of duties named by the respective parties; the claimant contending for the smaller sum, and therefore insisting that the imposition of the larger sum was illegal. This controversy necessarily requires a construction of the laws bearing upon the case.
The decision of the Supreme Court in Nichols v. The United *95 States, (7 Wall., 122,) precludes our taking jurisdiction of this-question. The conclusion of that court there was “ that cases arising under the revenue laws are not within the jurisdiction of the Court of Claims.”
This case unquestionably arises under the revenue laws, aside from which it lias no foundation. If the claimant has any rights whatever in the premises, they rest upon those laws. We cannot take a stop in the case without having to construe and apply them. As we cannot do this, the claimant is without remedy here, and his petition must be dismissed.
Nott, J., did not sit in this case, and took no part in the decision.